UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCEANA, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>WILBUR L. ROSS, et al.,<br><br>    Defendants. | Case No.  19-cv-03809-LHK (SVK)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD FROM SECOND SUPPLEMENTAL ADMINISTRATIVE RECORD**<br><br>Re: Dkt. No. 60 |

On April 2, 2020, Plaintiff Oceana, Inc. filed this motion to compel production of ten documents that were withheld from Defendants' second supplemental administrative record on the basis of the deliberative process privilege. Dkts. 58-1, 60. On April 23, 2020, Defendants filed an opposition indicating that they would release two of the ten documents at issue, bringing the number of documents in dispute to eight. Dkt. 65. Pursuant to this Court's order setting the briefing schedule (Dkt. 62), Defendants also submitted the disputed documents for possible in-camera review. The Court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). The Court GRANTS IN PART and DENIES IN PART Plaintiff's motion to compel production of documents for the reasons set forth below.

**I.     LEGAL STANDARD**

**A.  Deliberative Process Privilege**

The deliberative process privilege "was developed to promote frank and independent discussion among those responsible for making governmental decisions . . . and also to protect against premature disclosure of proposed agency policies or decisions." *F.T.C. v. Warner Commc'ns, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (citations omitted). "By maintaining the confidentiality of the give-and-take that occurs among agency members in the formulation of

policy, the deliberative process privilege . . . encourages frank and open discussions of ideas, and, hence, improves the decisionmaking process." *Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1117 (9th Cir. 1988) (citation omitted). "[T]he deliberative process privilege has been held to cover all recommendations, draft documents, proposals, suggestions and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency, as well as documents which would inaccurately reflect or prematurely disclose the views of the agency." *Id*. at 1118-19 (citations and internal quotation marks omitted).

For the deliberative process privilege to apply, a document must meet two requirements. *Warner*, 742 F.2d at 1161 (citations omitted). "First, the document must be predecisional—it must have been generated before the adoption of an agency's policy or decision." *Id*. "Second, the document must be deliberative in nature, containing opinions, recommendations, or advice about agency policies." *Id*. "The privilege does not cover [p]urely factual material that does not reflect the deliberative process." *Desert Survivors v. U.S. Dep't of the Interior*, 231 F. Supp. 3d 368, 379 (N.D. Cal. 2017) (citations and internal quotation marks omitted and alteration in original). "On the other hand, the privilege applies where the factual material is so interwoven with the deliberative material that it is not severable." *Id*. (citations and internal quotation marks omitted). "These twin requirements recognize that the underlying purpose of this privilege is to protect[ ] the consultative functions of government by maintaining the confidentiality of advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated." *National Wildlife Federation*, 861 F.2d at 1117 (citation and internal quotation marks omitted and alteration in original).

"The deliberative process privilege is a qualified one. A litigant may obtain deliberative materials if his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure." *Warner,* 742 F.2d at 1161 (citations omitted). The specific factors to be considered in making this determination are examined below. *See infra* Part I.C.

////

////

2

### B. Administrative Procedures Act

A court examines final agency actions under the "arbitrary and capricious" standard prescribed by the Administrative Procedures Act ("APA"). 5 U.S.C. § 706(2)(A); *Friends of Endangered Species, Inc. v. Jantzen*, 760 F.2d 976, 980-81 (9th Cir. 1985). The APA mandates that a court "shall" set aside any agency decision that it finds "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Section 706 states that in making such a determination, "the court shall review the whole record or those parts of it cited by a party . . . . " 5 U.S.C. § 706. "The whole record includes everything that was before the agency pertaining to the merits of its decision." *Portland Audubon Soc. v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993) (citing *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555-56 (9th Cir. 1989)) (internal quotation marks omitted). "[I]n many cases[,] internal comments, draft reports, inter- or intra-agency emails, revisions, memoranda, or meeting notes will inform an agency's final decision." *Inst. for Fisheries Res. v. Burwell*, No. 16-cv-01574-VC, 2017 WL 89003, at *1 (N.D. Cal. Jan. 10, 2017). Indeed, "internal materials are part of the 'universe of materials' considered by the agency . . . and must be included in the administrative record unless omitted on the basis of privilege." *Ctr. for Envtl. Health v. Perdue,* No. 18-cv-01763-RS, 2019 WL 3852493, at *2 (N.D. Cal. May 6, 2019) (citations omitted).

### C. Deliberative Process Privilege in APA Cases

"There is a tension between the court's duty to consider whether the decision was based on a consideration of the relevant factors . . . on the one hand, and a privilege that protects from disclosure deliberative documents reflecting the factors the agency considered in making its decision." *Desert Survivors*, 231 F. Supp. 3d at 382 (citations and internal quotation marks omitted). "There can be no doubt that under some circumstances, pre-decisional deliberative communications may go to the heart of the question of whether an agency action was arbitrary and capricious, an abuse of discretion or otherwise inconsistent with the law under Section 706(2) of the APA." *Id*. Thus, "the appropriate way to address these circumstances is through in camera review and a rigorous application of the balancing test set forth in *Warner* rather than rejecting the application of the privilege altogether in cases involving APA record review." *Id*. at 382-83; *see*

3

1    *also Ctr. for Envtl. Health v. Perdue*, No. 18-cv-01763-RS (TSH), 2019 WL 6114513, at *2 (N.D.
2    Cal. Nov. 18, 2019).

3    The *Warner* factors "offer[] an approach that allows courts to balance the need to conduct
4    a meaningful review of agency decision-making under Section 706 of the APA against the
5    possibility that disclosure might give rise to a chilling effect that threatens the quality of agency
6    actions." *Desert Survivors*, 231 F. Supp. 3d at 383.  These factors include: "(1) the relevance of
7    the evidence; (2) the availability of other evidence; (3) the government's role in the litigation; and
8    (4) the extent to which disclosure would hinder frank and independent discussion regarding
9    contemplated policies and decisions." *Warner,* 742 F.2d at 1161 (citations omitted).

10   For the first factor, relevance, the Court must "look to the nature of the withheld
11   documents and the context in which the communications were made to determine their relevance
12   to Plaintiff['s] claim under Section 706(2) of the APA." *Desert Survivors*, 231 F. Supp. 3d at 384.
13   The second factor – the availability of other evidence – may be addressed in "a relatively
14   conclusory manner . . . where the other *Warner* factors strongly support the assertion of the
15   deliberative process privilege." *Id*. at 384-85.  "[I]n closer cases—for example, where the
16   withheld documents contain information that is highly relevant to the plaintiff's claims—a more
17   detailed showing that the same information is available elsewhere may be required." *Id*. at 385.
18   The third factor – the nature of the government's role in the litigation – "will normally tip against
19   the government in an APA case where the government is the defendant whose actions are being
20   challenged." *Center for Environmental Health*, 2019 WL 6114513, at *3 (citing *Desert Survivors,*
21   231 F. Supp. 3d at 385).

22   It is the fourth factor which this Court finds most challenging.  It "asks whether the
23   disclosure of a document or communication is likely to have a chilling effect." *Desert Survivors,*
24   231 F. Supp. 3d at 385.  "[T]he disclosure of some types of documents will be less likely to cause
25   embarrassment or chilling than others." *Id*.  (citation omitted).  "The disclosure of preliminary
26   drafts is not likely to chill speech, even though such documents might be used to recreate the
27   course of the decisionmaking process because [t]hese are relatively polished drafts, and the
28   recreation of the decisionmaking process should in no way embarrass the agencies." *Center for*

*Environmental Health,* 2019 WL 6114513, at *3 (citing *Desert Survivors,* 231 F. Supp. 3d at 385) (citation and internal quotation marks omitted). "On the other hand, disclosure of preliminary staff views or tentative opinions might chill speech." *Center for Environmental Health*, 2019 WL 6114513, at *3 (citing *Desert Survivors,* 231 F. Supp. 3d at 385) (citation and internal quotation marks omitted). "These documents represent the give-and-take of the agencies' internal deliberations, and their disclosure would discourage such deliberations." *Center for Environmental Health*, 2019 WL 6114513, at *3 (citing *Desert Survivors,* 231 F. Supp. 3d at 385) (citation omitted).

## II.   ANALYSIS

### A. Documents at Issue

Heeding the guidelines set forth above, the Court now turns to its review of the eight documents still at issue. As all documents were submitted to the Court for in camera review, the Court's discussion of each document will be limited.

As a preliminary matter, the parties disagree as to whether the documents in question are "deliberative." Dkt. 60 at 8-11; Dkt. 65 at 6-10. Plaintiff takes issue with the limited information provided by Defendants on the privilege log, which the Court addresses below. *See infra* Part II.B. As a result, Plaintiff's argument on this point is necessarily made in a vacuum because it has not seen the documents in question. However, the Court finds that the parties have presented their arguments with sufficient clarity such that the Court may evaluate the documents at issue and, as noted below, apply the arguments to its in-camera review. In doing so, the Court has provided descriptions of the documents that are far more meaningful than the descriptions provided by Defendants and do not reveal privileged information.

Plaintiff contends that the documents are "merely examples of scientists discussing factual or scientific matters and in no way implicate agency decision-making." Dkt. 60 at 9. Plaintiff also contends that the release of these documents would not chill discussion necessary to inform agency policy decisions. *Id*. Defendants contend that the documents are deliberative "because they contain or reflect the personal opinions, views, and comments of individual Science Center scientists regarding the agency's draft and preliminary acoustic trawl method ("ATM") biomass

5

estimates for anchovy for 2017 and 2018" and the release of such materials would, in part, "chill scientific debate in the Science Center and thereby impair agency decision-making for fishery management decisions." Dkt. 65 at 7 (citations omitted). "The key to the inquiry is whether revealing the information exposes the deliberative process." *Desert Survivors v. U.S. Dep't of the Interior*, No. 16-cv-01165-JCS, 2017 WL 1549373, at *2 (citing *Assembly of State of Cal. v. U.S. Dep't of Commerce*, 968 F.2d 916, 921 (9th Cir. 1992)). As discussed below, the Court finds that one of the eight documents is not "deliberative" for the purpose of the deliberative process privilege.

**AR 104** (Email; Revisions to Summer 2018 CCE Survey (1807RL) CPS Biomass Report, dated March 29, 2019). This is an email exchange of editorial comments between various scientists with an attached document. As this document is both predecisional and deliberative, the deliberative process privilege applies. After considering the *Warner* factors, the Court concludes that the possibility of chilling full and frank discussions outweighs Plaintiff's need for disclosure.

**AR 105** (Email; Nearshore biomass estimates and extrapolations, dated March 5, 2019): This is also an email exchange of editorial comments between various scientists. Because this document is both predecisional and deliberative, the deliberative process privilege applies. After considering the *Warner* factors, the Court concludes that the possibility of chilling full and frank discussions outweighs Plaintiff's need for disclosure.

**AR 106** (Email; For review: Summer 2018 (1807RL) CPS Biomass Report, dated March 25, 2019): This is an email exchange of editorial comments between various scientists. This document is both predecisional and deliberative, so the deliberative process privilege applies. After consideration of the *Warner* factors, the Court concludes that the possibility of chilling full and frank discussions outweighs Plaintiff's need for disclosure.

**AR 107** (Email; Revised draft of 1807RL Biomass Report, dated January 31, 2019): This is an email exchange of editorial comments between scientists directed to an attachment with raw data. This document and its attachment are both predecisional and, when taken together as is appropriate in this context, deliberative, so the deliberative process privilege applies. After considering the *Warner* factors, the Court concludes that the possibility of chilling full and frank

6

discussions outweighs Plaintiff's need for disclosure.

**AR 108** (Email; 2017 report, dated March 18, 2019): This is an email exchange between scientists with both editorial and factual commentary. While this exchange is predecisional, the Court finds that a portion of this document is not deliberative because it is purely factual in nature. Accordingly, the deliberative process privilege only applies to the portion of the email that begins "On Sat, Mar 16, 2019 at 11:34 AM Kevin Stierhoff - NOAA Federal" and all following content. Defendants must redact this privileged information and provide the redacted version to Plaintiff. After considering the *Warner* factors, the Court concludes that the possibility of chilling full and frank discussions outweighs Plaintiff's need for disclosure as to the privileged portion.

**AR 109** (Email; anchovy abundance and biomass plot, dated February 12, 2018): This is an email chain between scientists that contains a plot graphic. This document is predecisional but is not deliberative because the graphic does not evidence deliberative conduct. The disclosure of this document is unlikely to reveal the mental processes of decisionmakers. Additionally, the Court finds little danger of chilling as the document contains only a graphic. Accordingly, Defendants must provide this document to Plaintiff.

**AR 112** (Partially redacted draft report; Distribution, biomass, and demography of coastal pelagic fishes in the California Current Ecosystem during summer 2018 based on acoustic-trawl sampling, dated March 22, 2019): This document is both predecisional and deliberative, so the deliberative process privilege applies. After considering the *Warner* factors, the Court concludes that the possibility of chilling full and frank discussions outweighs Plaintiff's need for disclosure.

**AR 113** (Partially redacted draft report, Distribution, biomass, and demography of coastal pelagic fishes during summer 2017, estimated from acoustic-trawl sampling, dated November 02, 2018): This document is both predecisional and deliberative, so the deliberative process privilege applies. After considering the *Warner* factors, the Court concludes that the possibility of chilling full and frank discussions outweighs Plaintiff's need for disclosure.

Accordingly, the Court sustains Defendants' privilege objections as to documents 104, 105, 106, 107, 108 (partial), 112, and 113. The Court overrules Defendants' privilege objections as to document 108 (partial) and 109.

**B. Privilege Log**

Federal Rule of Civil Procedure 26(b)(5)(A) dictates that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged . . . the party must . . . describe the nature of the documents, communications, or tangible things not produced or disclosed —and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). When a party asserts the deliberative process privilege, the privilege log "must show that (1) the document is privileged and (2) the privilege cannot be overcome by the *Warner* factors." *Center for Environmental Health*, 2019 WL 6114513, at *5. Defendants' entries as to the documents reviewed in camera do not satisfy this standard. *See* Dkt. 58; *Center for Environmental Health*, 2019 WL 6114513, at *5-6. However, as noted above, the Court has provided adequate description for the eight documents in dispute. *See supra* Part II.A. Defendants are to amend their privilege log accordingly and serve the amended log on Plaintiff as indicated below.

**III. CONCLUSION**

For the reasons discussed above, the Court finds that Defendants may withhold AR 104, 105, 106, 107, portions of 108, 112, and 113 on the basis of the deliberative process privilege. The Court also finds that portions of AR 108 and the entirety of AR 109 are not covered by the deliberative process privilege and are thus subject to disclosure. Defendants must redact the privileged information in AR 108 before providing the document to Plaintiff. Defendants must provide to Plaintiff the redacted version of AR 108, the full version of AR 109, and the revised privilege log no later than **Friday, May 8, 2020.**

**SO ORDERED.**

Dated: May 5, 2020

SUSAN VAN KEULEN
United States Magistrate Judge